# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**APRIL M. GOUEDY**                                                                **PETITIONER**

**V.**                              **CASE NO. 3:17-CV-258-DPM-BD**

**RUSS LATIMER, Administrator,**                                          **RESPONDENT**
**Clay County Jail, DAVID COPELIN,**
**Judge, Clay County, TERRY MILLER,**
**Sheriff, Clay County**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D. P. Marshall Jr. Any party to this suit may file written objections with the Clerk of Court within 14 days of the filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.    Disposition:**

On September 26, 2017, Petitioner April Gouedy, a pretrial detainee at the Greene County Detention Center, filed a *pro se* complaint (docket entry #2) under 42 U.S.C. § 1983. Ms. Gouedy alleges that on August 30, 2017, she was in the custody of

Washington County when she was picked up by Clay County officials "on a hold" and transferred to the Clay County jail. (*Id*. at 5) She states that she was held without receiving a probable cause hearing until September 18, 2017. (*Id*. at 4) According to the address Ms. Gouedy lists, she remains in custody.[1]

Ms. Gouedy does not seek damages; rather, she asks to be released based on "time served." (*Id*. at 6) Release from custody is not an available remedy in an action brought under 42 U.S.C. §1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Thus, by order of November 14, 2017, Judge Marshall directed the Clerk of Court to reclassify Ms. Gouedy's case as a habeas case. (#12)

Despite the reclassification, the federal courts cannot grant Ms. Gouedy the relief she seeks. Because she has not yet been sentenced, there is no state judgment for her to challenge. In short, her case also is not yet ripe for habeas review. See 28 U.S.C. § 2254(a) (federal habeas challenges to state court custody lie only as to an underlying state court judgment).

---

[1]Since filing this lawsuit, it appears that Ms. Gouedy has been transferred from the Clay County Detention Center, where she stated she was housed in her motion to proceed *in forma pauperis* (#1), to the Greene County Detention Center. (#11) Whether her housing in Greene County is a courtesy to Clay County and whether she has named the correct defendants need not be reached at this time because this Court is recommending dismissal of her claims.

The fact that Ms. Gouedy is apparently awaiting criminal prosecution presents a further hurdle. The *Younger* abstention doctrine requires federal courts to abstain from exercising jurisdiction if there is an ongoing state criminal proceeding that implicates important state interests; *and* if there is an adequate opportunity to raise relevant federal questions in the state proceeding. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). In some circumstances, federal courts can entertain pretrial habeas corpus petitions when a petitioner's state custody violates the Constitution or laws of the United States. *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (citations omitted); 28 U.S.C. § 2241(c)(3). But in that situation, the state pretrial detainee must first exhaust all available state remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (unlike the statutory requirement in 28 U.S.C. § 2254, the exhaustion requirement in 28 U.S.C. § 2241(c)(3) was judicially crafted on federalism grounds).

Here, *Younger* abstention prevents this court from hearing Ms. Gouedy's case. She remains a pretrial detainee; her claims involve an ongoing state proceeding; and she has not yet exhausted her state court remedies, such as filing a petition for writ of mandamus for judicial review of her allegedly unconstitutional custody. ARK. CODE ANN. § 16-115-101; ARK. S.CT. R. 1-2(a)(3).

Ms. Gouedy's allegation that "cell-16 has no working air since July" might state a claim under 42 U.S.C. § 1983 if she had sought damages for that condition of confinement. Here, however, the only relief she seeks is release from custody, and that is not an available remedy under § 1983.

In sum, Ms. Gouedy's complaint does not state a claim under 42 U.S.C. § 1983. And, because she has not exhausted her state court remedies and has no judgment of conviction for the federal courts to review, she has not stated a claim for federal habeas corpus relief. Should Ms. Gouedy exhaust her state remedies and believe that her continued custody violates the Constitution, she can file a federal petition for habeas corpus relief under to 28 U.S.C. §2241(c)(3) at that time.

## III. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Ms. Gouedy has made a substantial showing that she was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Ms. Gouedy has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## IV. Conclusion:

Ms. Gouedy's complaint (#2) should be DISMISSED without prejudice. The Court recommends that no certificate of appealability be issued and that Ms. Gouedy's motion to proceed *in forma pauperis* (#11) be DENIED as moot.

DATED this 28th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE